

F I L E D

OCT 3 1 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

-vs-

JACOB ARABOV,

        Defendant.

CRIMINAL NO.: 05-80955

HONORABLE: AVERN COHN

OFFENSE: Falsification of records in a Federal investigation, 18 U.S.C. § 1519, False statements to federal agents, 18 U.S.C. § 1001

STATUTORY INCARCERATION PERIOD:
18 U.S.C. § 1519— Up to 20 years
18 U.S.C. § 1001— Up to 5 years

STATUTORY FINE AMOUNT:
18 U.S. C.§ 1519– Up to $250,000
18 U.S.C. § 1001– Up to $250,000

_____/

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JACOB ARABOV and the government agree as follows:

**1.**   **Guilty Plea(s)**

    **A.**   **Count(s) of Conviction**

Defendant will enter a plea of guilty to **Count One** and **Two** of the seventh superseding information, which charge(s) falsification of records in a federal

investigation and false statements to a federal agent, and for which the penalty is 20 years on Count One and 5 years on Count Two.

### B.   Elements of Offense(s)

The elements are:

Count One– Falsification of Records in a Federal Investigation

    i.    The defendant knowingly concealed, covered up, falsified and made false entries in records and documents which defendant provided in connection with an investigation and the administration of a matter that was being conducted by the Drug Enforcement Administration, the Internal Revenue Service and the United States Attorney's Office for the Eastern District of Michigan;

    ii.    Defendant knew of the investigation and the administration of that matter; and

    iii.    By concealing, covering up, falsifying and making false entries in records and documents, the defendant, acted knowingly and dishonestly, with the specific intent, to impede, obstruct and influence the investigation and the proper administration of a matter within the jurisdiction of the Drug Enforcement Administration, the Internal Revenue Service and the United States Attorney's Office for the Eastern District of Michigan.

Count Two– False Statements to Federal Agents

    i.    The defendant made a false, fictitious, fraudulent statement;

    ii.    the statement was material;

iii.   the statement was made knowingly and willfully; and

iv.   the statement was made in a matter within the jurisdiction of the judicial branch of government of United States.

### C.   Factual Basis for Guilty Plea(s)

The following facts are a sufficient and accurate basis for defendant's guilty plea(s): From on or about July 13, 2005 through on or about June 13, 2006, Defendant JACOB ARABOV, in an effort to assist Terry Flenory and other members of Flenory's drug trafficking organization in concealing their ownership of certain jewelry that had been seized from Terry Flenory and others, on July 11, 2005, in Bond County, Illinois, and to assist in having that jewelry returned, defendant made false statements to federal agents and submitted false documents in support of a false claim of personal ownership for some of the jewelry to the Drug Enforcement Administration ("DEA") and the United States Attorney's Office.

Specifically, on or about July 12, 2005, after certain jewelry had been seized from Terry Flenory and others in Bond County, Illinois (hereinafter the "Illinois jewelry"), defendant Jacob Arabov, Terry Flenory and Damon Thomas agreed to falsify documents which would conceal Terry Flenory's true ownership of the Illinois jewelry and serve to recover it from law enforcement.

- 3 -

On August 2, 2005, during an interview with DEA agents regarding the
seizure, agents asked defendant whether he had ever sold jewelry to Terry Flenory.
Defendant denied selling any jewelry to Terry Flenory, and merely identified Terry
Flenory as a "heavy set black male who frequently accompanied Thomas to
defendant's jewelry store." During that same interview, defendant provided agents
with a document entitled, "Memorandum No. 1380," which was dated June 21, 2005.
The Memorandum purported that Jacob & Company had consigned the following
listed pieces of jewelry to Damon Thomas:

1. DEA IZ-05-0028 Exhibit B valued by Jacob & Company
   at $95,000.00
2. DEA IZ-05-0028 Exhibit A valued by Jacob &
   Company at $120,000.00
3. DEA IZ-05-0028 Exhibits I and Y valued by Jacob &
   Company at $420,000.00
4. DEA IZ-05-0028 Exhibit S valued by Jacob &
   Company at $140,000.00
5. DEA IZ-05-0028 Exhibit U valued by Jacob &
   Company at $190,000.00

At the time defendant provided the Memorandum to the agents, defendant knew the
agents were conducting a federal investigation, defendant knew the Memorandum
was false in that defendant had not consigned the jewelry listed on the Memorandum
to Damon Thomas, rather, defendant had, in fact, sold the pieces of jewelry to Terry

- 4 -

Flenory, who had paid defendant more that $500,000 in cash for the items.

Moreover, subsequent to the unsealing of government's indictment against Terry Flenory and twenty- four other members of his drug trafficking organization and Terry Flenory's arrest on that indictment on or about October 28, 2005, both facts of which defendant was aware, defendant further pursued this false claim of personal ownership of the Illinois jewelry by submitting false documents and making false statements in support of the false claim to the United States Attorney's Offices for the Southern District of Illinois and the Eastern District of Michigan.

Specifically, on November 28, 2005, defendant caused to be submitted a letter to Assistant United States Attorney Michael Thompson of the United State's Attorney's Office for the Southern District of Illinois, which stated in part:

> In the summer of 2005, my client was visited by Agent Cindy Scout, concerning jewelry that was seized from a vehicle in which an alleged drug trafficker was stopped. My client's assistant Beverly was shown pictures of the jewelry that was seized. She cooperated in every way with the agent. The items that belonged to my client were pointed out to the Agent.
>
> The items in question, however were not sold to Damon Thomas or anyone else.
>
> As you can see from the Memorandum, it was signed by Damon Thomas and not the individual from whom it was seized.

- 5 -

> Please make arrangements to have the jewelry in question
> returned to my client as soon as possible.

Attached to this letter was the false memorandum that defendant had previously provided to the DEA agents during their August 2, 2005 interview with defendant.

In a continued attempt to impede and obstruct this investigation and the proper administration of this matter, on or about December 30, 2005, defendant caused to be submitted a faxed copy of the above- referenced November 28 letter and the false memorandum to Assistant United States Attorney Julie Beck, who is assigned to the United States Attorney's Office for the Eastern District of Michigan. And, further, or about June 13, 2006, caused ti be submitted yet another letter to Assistant United States Attorney Julie Beck, which read, in pertinent part, as follows:

> It has now been seven months since my first telephone
> conversation with you concerning my client's jewelry
> that was seized by the government. My client is quite
> perplexed and frankly does not understand what he must
> do to get his jewelry returned.

## 2.   <u>Sentencing Guidelines</u>

### A.   <u>Standard of Proof</u>

The Court will find sentencing factors by a preponderance of the evidence.

## B.    Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **37-46** months, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **37-46** months, the higher guideline range becomes the agreed range.   However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party will advocate that the Court impose a sentence lower than the

- 7 -

applicable guidelines range of **37-46** months.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

**3.   Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

**A.   Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

**B.   Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

- 8 -

### C.   Special Assessment(s)

Defendant will pay a special assessment of **$200** and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

The Court may impose a fine on each count of conviction in any amount up to **$ 75,000**.

### F.   Forfeiture.

As part of this agreement, defendant agrees to forfeit his interest in Two Million Dollars (**$2,000,000**) in United States currency ("Subject Currency") by remitting a certified check made payable to the United States Department of Treasury at or before sentencing, as detailed in the preliminary order of forfeiture.

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Currency as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the Subject Currency, Defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case.

- 9 -

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 4.   A.   Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B) , defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 5.   Other Charges

- 10 -

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 6.   Each Party's Right To Withdraw From This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3.   This is the only reason for which defendant may withdraw from this agreement.  The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 7.   Right to Appeal

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

- 11 -

**8.** **Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**9.** **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**10.** **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is

- 12 -

the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

- 13 -

## 11.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on Friday, September 21, 2007. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Stephen J. Murphy
*United States Attorney*

Kathryn McCarthy
*Assistant United States Attorney*
*Chief, Controlled Substance Unit*

Dawn N. Ison
*Assistant United States Attorney*

Michael C. Leibson
*Assistant United States Attorney*

Julie A. Beck
*Assistant United States Attorney*

Date:  9/19/07

- 14 -

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

Benjamin Brafman
*Attorney for Defendant*

Date: **10-19-07**

Jacob Arabo
*Defendant*

- 15 -

# WORKSHEET A   (Offense Levels)

Defendant:   Jacob Arabov                        Count(s):   One & Two

Docket No.:   05-80955                           Statute(s):   18 U.S.C. § 1519 & 18 U.S.C § 1001.

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2J1.2– Cross Reference | | |
| 2X3.1 | Six levels lower than underlying offense- money laundering | 24 |
| | | |
| | | |
| | | |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**24**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*

☒

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D)

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   unit

2. **GROUP TWO: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   unit

3. **GROUP THREE: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   unit

4. **GROUP FOUR: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   unit

5. **TOTAL UNITS**

   units

6. **INCREASE IN OFFENSE LEVEL**

   | | |
   |---|---|
   | 1 unit → no increase | 2½-3 units → add 3 levels |
   | 1½ units → add 1 level | 3½ -5 units → add 4 levels |
   | 2 units → add 2 levels | >5 levels → add 5 levels |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   0

(rev. 06/99)

# WORKSHEET C  (Criminal History)

Date of defendant's commencement of the instant offense(taking into account relevant conduct and stipulated offenses): 2003-2006 .

1.   **PRIOR SENTENCES**

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):          **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):          **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):          **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE  (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

_____

**3.   COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____

**4.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____

_____

**5.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

0

**6.   CRIMINAL HISTORY CATEGORY**

I

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

(rev, 06/99)

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

| 24 |

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

| -3 |

**3.   TOTAL OFFENSE LEVEL**

| 21 |

Enter the difference between Items 1 and 2.

**4.   CRIMINAL HISTORY CATEGORY**

| I |

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.   CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a.   Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b.   Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE   (U.S.S.G. ch. 5, pt. A)**

| 37-46 months |

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

| months |

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

_____

_____

(rev, 06/99)

# WORKSHEET E (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**

    a.   Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

**[X]**  1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

**[ ]**  2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

**[ ]**  3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.   Length of Term of Probation (U.S.S.G. § 5B1.2)

1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

**[ ]**  2.   No more than 3 years (total offense level < 6).

    c.   Conditions of Probation (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

**[X]**  a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

**[ ]**  b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

4.   **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a.   <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐    1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒    2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐    3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐    4.   The statute of conviction requires a minimum term of supervised release of _____ months.

    c.   <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

☐    1.   The court will determine whether restitution should be ordered and in what amount.

☐    2.   Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

☐    3.   The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐    4.   The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☒    5.   Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

**6.    FINE  (U.S.S.G. § 5E1.2)**

a.  Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 7,500 | $ 75,000 |

**7.    SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
$ 25.00 for every count charging a Class A misdemeanor,
$ 10.00 for every count charging a Class B misdemeanor, and
$  5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ 200.00 .

**8.    ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

**9.    UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

(rev. 06/99)

# WORKSHEET A  (Offense Levels)

Defendant:  Jacob Arabov

Count(s): _____

Docket No.:  05-80955

Statute(s):  18 U.S.C. § 1956

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2S1.1(a)(2) | Laundering of Monetary Instruments | 26 |
| 2S1.1(b)(2)(C) | Defendant was in the business of laundering funds | 4 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**30**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*   [X]

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

**Instructions**  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (See U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (See U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (see U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.   **GROUP ONE:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                          [ ]          [ unit ]

2.   **GROUP TWO:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                          [ ]          [ unit ]

3.   **GROUP THREE:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                          [ ]          [ unit ]

4.   **GROUP FOUR:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                          [ ]          [ unit ]

5.   **TOTAL UNITS**                                                              [ units ]

6.   **INCREASE IN OFFENSE LEVEL**                                   [ ]

     | 1 unit → no increase      | 2½-3 units → add 3 levels |
     |---------------------------|---------------------------|
     | 1½ units → add 1 level    | 3½ -5 units → add 4 levels |
     | 2 units → add 2 levels    | >5 levels → add 5 levels  |

7.   **ADJUSTED OFFENSE LEVEL OF GROUP**
     **WITH THE HIGHEST OFFENSE LEVEL**                              [ ]

8.   **COMBINED ADJUSTED OFFENSE LEVEL**                             [ 0 ]

     Enter the sum of the offense levels entered in Items 6 and 7.

     (rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense(taking into account relevant conduct and stipulated offenses): <u>2003-2006</u>.

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):          3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):          2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):          1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).   NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**(WORKSHEET C, p. 2)**

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

[ ]

_____

**3.   COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

[ ]

_____

**4.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

[ ]

_____

**5.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1–4.

[ 0 ]

**6.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

[ I ]

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

> Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

| 30 |

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

| -3 |

**3.   TOTAL OFFENSE LEVEL**

> Enter the difference between Items 1 and 2.

| 27 |

**4.   CRIMINAL HISTORY CATEGORY**

> Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

| I |

**5.   CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

> a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

> b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

> Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 70-87 months |

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

> If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

| months |

_____

_____

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**

a.   Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[X]   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

b.   Length of Term of Probation (U.S.S.G. § 5B1.2)

1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]   2.   No more than 3 years (total offense level < 6).

c.   Conditions of Probation (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E, p. 2)**

**4.    SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

      a.  Imposition of a Term of Supervised Release  (U.S.S.G. § 5D1.1)

          The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

      b.  Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

- [ ] 1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [X] 2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ] 3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [ ] 4.  The statute of conviction requires a minimum term of supervised release of _____ months.

      c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

          The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.    RESTITUTION (U.S.S.G. § 5E1.1)**

- [ ] 1.  The court will determine whether restitution should be ordered and in what amount.

- [ ] 2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

- [ ] 3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

- [ ] 4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

- [X] 5.  Restitution is not applicable.

(rev. 06/99)

**6.** **FINE** (U.S.S.G. § 5E1.2)

    a. Fines for Individual Defendants

      The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 12,000 | $ 125,000 |

**7.** **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

      $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
      $ 25.00 for every count charging a Class A misdemeanor,
      $ 10.00 for every count charging a Class B misdemeanor, and
      $ 5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00 .

**8.** **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

**9.** **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

(rev. 06/99)